**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SANDEEP KUMAR,<br><br>Petitioner,<br><br>v.<br><br>ACTING FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1453-SLP |

**<u>O R D E R</u>**

Petitioner, Sandeep Kumar, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends denying Respondents' Motion for Dismissal Without Prejudice Due to Pending Related Case Before the United States District Court for the Northern District of Texas [Doc. No. 11] and granting, in part, the Petition. The Respondents have filed an Objection [Doc. No. 16], to which Petitioner responded, *see* [Doc. No. 17], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court DECLINES TO ADOPT the R&R and DENIES the Petition.

## I. Background

Petitioner, a citizen of India, entered the United States on or around May 27, 2022. On May 30, 2022, Petitioner was placed by United States Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under 8 C.F.R. § 212(a)(6)(A)(i). Petitioner was subsequently released from custody on a $3,000 bond.

On January 1, 2026, Petitioner was questioned by law enforcement after Petitioner's vehicle was struck from behind in a vehicle accident. Law enforcement subsequently transferred Petitioner to ICE custody. Petitioner was initially detained at Eden Detention Center in Eden, Texas. On March 23, 2026, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas.[1] Petitioner asserted that his detention violated his due process rights under the Fifth Amendment of the United States Constitution. Petitioner requested a bond hearing under 8 U.S.C. § 1226, or in the alternative, release in the Texas Petition.

On April 27, 2026, an immigration judge ordered Petitioner removed. On May 26, 2026, the Board of Immigration Appeals received Petitioner's appeal of the removal order, which remains pending. Petitioner was subsequently transferred to Diamondback Correctional Facility in Watonga, Oklahoma after being ordered removed.

On June 16, 2026, Petitioner, now represented by counsel, filed the instant action, claiming violations of the Immigration and Nationality Act (INA) and a violation of his

[1] To avoid confusion, the Court hereinafter refers to Petitioner's petition filed in the United States District Court for the Northern District of Texas as the "Texas Petition."

due process rights under the Fifth Amendment to the United States Constitution. First, Petitioner argues that his detention is unlawful as "Respondents reversed Petitioner's custodial status without any change in facts, conduct, or circumstances." Pet. [Doc. No. 1] at 12. Petitioner also asserts that his detention violates the INA as 8 U.S.C. § 1226(a) applies to him. *Id.* at 15. Lastly, Petitioner asserts his detention violates due process as he has been detained "for many months without any individualized custody hearing before a neutral adjudicator." *Id.* at 16. As relief, Petitioner seeks, in relevant part, release from custody, or, in the alternative, an individualized bond hearing.

On June 29, 2026, the Respondents filed a Motion for Dismissal Without Prejudice Due to Pending Related Case Before the United States District Court for the Northern District of Texas [Doc. No. 11]. Respondents asserted in the Motion that the instant action should be dismissed as duplicative due to the pendency of the Texas Petition. *See* Mot. [Doc. No. 11] at 2.

On July 30, 2026, Judge James Wesley Hendrix denied the Texas Petition with prejudice. *See* Order, *Kumar v. Warden, Eden Detention Center*, No. 6:26-CV-00115-H (N.D.T.X. July 30, 2026), ECF No. 10. Judge Hendrix found that the Petitioner was detained under 8 U.S.C. § 1225(b)(2), consistent with the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Id.* at 1-2. Furthermore, Judge Hendrix found that Petitioner was not entitled to release on the basis of Petitioner's substantive or procedural due process claims. *Id.* at 2.

## II. Discussion

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anba-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice." *Id*. (quoting *Anda-Ybarra*). "On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ." *Id*. (quoting *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026)).

Under the abuse of the writ doctrine, courts may decline to hear § 2241 claims which were "both raised and adjudicated in an earlier petition" or "claims [which] could have been raised in an earlier [petition] but were not." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citations omitted).[2] Initially, "the government bears the burden of pleading abuse of the writ." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Once the government has done so, the petitioner bears the burden to disprove abuse of the writ. *Id*. A petitioner must either "show cause for failing to raise [the claim earlier] and the prejudice therefrom" or "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id*. at 494-95.

---

[2] While 28 U.S.C. § 2244(a) does not apply to Petitioner's circumstances as he is not in custody "pursuant to a judgment of a court of the United States," courts have applied the abuse of the writ doctrine to § 2241 habeas petitions. *See, e.g.*, *Stanko*, 617 F.3d at 1268-70.

As previously discussed, Judge Hendrix denied the Texas Petition on the merits and a final judgment has been entered. *See* Order, *Kumar*, No. 6:26-CV-00115-H (N.D.T.X. July 30, 2026), ECF No. 10. The Court concurs with the Magistrate Judge that Petitioner asserted the same claim in both the Texas Petition and the instant Petition—that his detention without a bond hearing violates due process. *See* R&R [Doc. No. 14] at 6. The Court also concurs that the additional claims raised in the instant Petition could have been raised in the Texas Petition. *Id*. However, the Magistrate Judge found that Petitioner met his burden to establish that a fundamental miscarriage of justice would result from a failure to entertain the instant Petition. *See id*. at 8. The Magistrate Judge found that the filing of the instant action was not an abuse of the writ as (1) "Petitioner filed the Texas Petition pro se and he now has counsel" and (2) that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is intervening authority and a failure to entertain the claims in the instant action would constitute a fundamental miscarriage of justice. *See id*. at 7-8.

Respondents object, in part, on the basis that the Magistrate Judge erred in finding that the instant Petition was not an abuse of the writ. *See* Obj. [Doc. No. 16] at 2-3. In response to the Objection, Petitioner relies on the grounds addressed in the R&R to demonstrate he has met his burden of disproving abuse of the writ. *See* [Doc. No. 17] at 4. However, Petitioner cites to no authority for the proposition that such grounds satisfy his burden.[3]

[3] The R&R cites to *Ozbalik v. LaRose*, No. 26-CV-4239-JES-SBC, 2026 WL 2455825 (S.D. Cal. Aug. 21, 2026) and *Medina v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-04695 JLT

Absent binding Tenth Circuit or Supreme Court authority, the Court finds that Petitioner's circumstances do not establish sufficient cause nor warrant the application of the fundamental miscarriage of justice exception. Petitioner has therefore failed to meet his burden of disproving the claims in the instant action are an abuse of the writ.

## III. Conclusion

IT IS THEREFORE ORDERED that the Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 14] and the Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED for abuse of the writ.

A separate judgment shall be entered.

IT IS SO ORDERED this 19th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

CDB (HC), 2026 WL 2607609 (E.D. Cal. Sept. 3, 2026) in support of the proposition that Petitioner met his burden. *See* R&R [Doc. No. 14] at 7-8. First, unlike the claims raised in *Ozbalik*, the Court is skeptical that the additional claims raised in the instant Petition would have been successful had they been raised in the Texas Petition as Judge Hendrix found Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Ozbalik*, 2026 WL 2455825 at *2 (Finding petitioner's failure to raise claim in previous action before same court excusable as "prior counsel had no expertise at the time of filing of his first petition, which resulted in counsel failing to raise a claim that would have resulted in Petitioner's release some eight months ago."). Second, despite the split in authority between the Fifth Circuit and Tenth Circuit, several District Judges within this judicial district have applied the abuse of the writ doctrine to petitions filed by noncitizens whose previous petitions filed in the United States District Court for the Northern District of Texas were denied on the merits. *See Yusupov v. Cerna*, No. CIV-26-1452-R, 2026 WL 3182343, at *2 (W.D. Okla. Oct. 23, 2026); Order, *Salib v. Figueroa*, No. CIV-26-1250-D (W.D. Okla. Sept. 30, 2026), ECF No. 27 at *4-5; Order, *Rabadanov v. Figueroa*, No. CIV-26-1441-J (W.D. Okla. Sept. 29, 2026), ECF No. 15 at *4.